Dear Chief Judge Daniel:
Our office is in receipt of your opinion request in regards to an additional duty of the DWI clerks entering disposition information. Specifically, you ask whether the DWI Clerks of the New Orleans Traffic Court could enter disposition information for DWI related cases into the New Orleans Police Department's MOTION SYSTEM at the time the case is adjudicated.
Since there is no particular statute that pertains to the MOTION SYSTEM of the NOPD, it is necessary to look into the laws governing the Traffic Court of New Orleans. It is important to note DWIs are state offenses, and are heard by Traffic Court of the City of New Orleans pursuant to the authority granted by La. R.S. 13:2501.1.
Additionally, La. R.S. 13:2501.1 establishes the structure of the New Orleans Traffic Court. It states in part the following:
§ 2501.1 Traffic Court of New Orleans
"A. There shall be a Traffic Court of New Orleans."
 "F. The jurisdiction of this court shall extend to the trial of violations of the ordinances of the city of New Orleans regulating traffic within the city of New Orleans. The jurisdiction of the court shall further extend to the trial of offenses involving traffic and the regulation thereof punishable by state statute including violations of the Criminal Code of Louisiana involving traffic and the trial of violations relating to street and highway regulatory laws and such other state laws as relate to the operation of a vehicle. . . ."
 "G. The [traffic] court may adopt such rules and regulations governing the operation of the court as are necessary for the proper functioning of the court."
 "I. (1) Each judge shall appoint his own minute clerk, stenographer, . . . and such clerical, research, administrative or other personnel as he deems necessary to expedite the business and functions of the court." *Page 2 
La. 13:2505 states in part the following:
 § 2505. Traffic court; deputy clerks, assistants and other employees
 "A. The clerk of the Traffic Court of New Orleans has the right to appoint such deputy clerks, assistants and other employees of the clerk's office as may be necessary for the proper functioning of the office. . . ."
 "B. Nothing herein shall be construed to prevent any personnel of the New Orleans Police Department from executing the orders and decrees of the judge, or judges, of the Traffic Court of New Orleans. . . ."
La. 13:2495 state in part the following:
§ 2495. Clerk of Court
 "B. . . . The [traffic] court shall adopt such rules and regulations governing the functions, duties, operation, and procedure of the clerk's office as may be necessary."
 From the above statutes, the Traffic Court can establish policies, rules, or any other procedures that are "necessary for the proper functioning of the [Traffic] Court." If the court chooses as a matter of procedure or if a judge deems that DWI clerks entering disposition information for DWI related cases is "necessary to expedite the business and functions of the court," then the procedure for would be allowed. There is nothing in statute that would prohibit judges from having their DWI clerks perform this duty in order to keep records updated. This is an internal procedure that should be addressed within the administration of the Traffic Court of New Orleans and the New Orleans Police Department.
Therefore, we conclude that the New Orleans Traffic Court judges can allow their DWI clerks to enter disposition information into the New Orleans Police Department's MOTION SYSTEM for DWI and DWI related cases for the New Orleans Traffic Court.
We hope this opinion sufficiently addresses your concerns. If our office may be of further assistance, please do not hesitate to contact us.
With best regards,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: __________________________ STEPHEN MARTIN ASSISTANT ATTORNEY GENERAL